IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DERRICK BERNARD JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:25-cv-142 (MTT) |
| ) | |
| STATE OF GEORGIA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

## ORDER

Petitioner Derrick Bernard Jackson filed a pro se motion to remove his state-court criminal action to this Court pursuant to 28 U.S.C. § 1443(1).  Doc. 1.  He twice moved to amend his removal motion (Doc. 2; Doc. 4) and moved for a hearing (Doc. 4) and to proceed *in forma pauperis* (Doc. 5).  Jackson's motions to amend (Doca. 2; 4) are **GRANTED** to the extent that the Court considers information in those motions when ruling on Jackon's motion to remove.  Jackson's motion to proceed *in forma pauperis* (Doc. 5) is **GRANTED**.  Jackson's motion for a hearing (Doc. 4) is **DENIED**.  Upon review, the Court finds that Jackson's motion is untimely, and even if timely filed, Jackson has failed to show that this Court has subject matter jurisdiction under 28 U.S.C. § 1443(1).  Accordingly, Jackson's motion (Doc. 1) is **DENIED**, and the Clerk of Court is **DIRECTED** to close this case.

## I. DISCUSSION

When a notice of removal[1] of a state-court criminal action is filed, the Court must "examine the notice promptly . . . [and] [i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand. 28 U.S.C. § 1455(b)(4); *see also Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte . . ."). Following the review required by § 1455(b)(4), the Court determines this action must be remanded to the state court.

1. *Jackson's motion to remove is untimely*

Jackson was charged with theft by deception under O.C.G.A. § 16-8-3 on January 17, 2025. Docs. 1-2 at 29-30; 4-1; 4-2. He was arraigned on February 12, 2025. Doc. 1-2 at 31. Section 1455 requires the removal of a criminal action to be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier[.]" 28 U.S.C. § 1455(b)(1). If the petitioner shows good cause, the Court may extend the time to move for removal. *Id*. Here, Jackson did not file his motion to remove his state court criminal case until April 8, 2025. Doc. 1. Thus, his motion was not timely filed, and Jackson has neither shown good cause nor requested an extension for filing. In view of the late filing without leave of Court, the motion for removal was never properly filed and the state court retained jurisdiction over the criminal action. *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993); *see Parrish v. State*, 485 S.W.3d 86, 89-90 (Tex. Ct. App. 2015).

---

[1] Jackson did not file a notice of removal. Nor is there any evidence that Jackson filed a notice of removal in state court. Nevertheless, the general principles governing removal apply to Jackson's motion.

*2. Jackson's motion does not meet the requirements for removal under 28 U.S.C. § 1443(1)*

Section 1443(1) allows for the removal of a state court proceeding "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  28 U.S.C. §1443(1).  A defendant seeking removal under § 1443(1) must show (1) that "the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal [right] in the courts of the State."  *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). (quotations omitted).  Under the first prong, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice."  *Id*.  Rather, the federal law invoked must explicitly protect the petitioner's conduct and provide a right to be free from prosecution for that conduct.  *Id.*  Under the second prong, "the denial of [defendant's] equal civil rights must be 'manifest in a formal expression of state law.'" *Alabama v.Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001) (citation omitted).  The only exception to this requirement is "if the very act of bringing the state court proceedings will constitute a denial of the rights conferred by federal statute."  *Id*.

Jackson fails to satisfy either prong of this test.  First, Jackson has been charged with theft by deception under O.C.G.A. § 16-8-3.  Doc. 1-2 at 29.  He alleges that he has been denied or cannot enforce his rights under the Fourteenth Amendment in state court.  Doc. 1.  Specifically, he complains that his due process and/or equal protection rights have been violated by a lack of probable cause for the arrest warrant; illegal

-3-

irregularities in his initial appearance and arraignment, and the lack of a commitment hearing; excessive bail, unconstitutional restrictions imposed on him during pretrial release; and the Georgia Supreme Court's dismissal of his habeas.  Docs. 1; 2; 4.  Removal under § 1443(1) is not warranted based solely on allegations that the charges are unconstitutional, that the charges are groundless, or that the arrest and prosecution otherwise deny constitutional rights.  "It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court."  *Greenwood v. Peacock*, 384 U.S. 808, 827 (1966); *see also Johnson*, 421 U.S. at 219 ("That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).").  Because Jackson "relies upon broad assertions under the Equal Protection Clause . . . , those rights are insufficient to support a valid claim for removal under § 1443(1)."  *Conley*, 245 at 1295-96.

Regarding the second prong, Jackson has not alleged that some "state legislative or constitutional provision" renders him incapable of enforcing his federal rights in state court.  *Johnson*, 421 U.S. at 219.  Additionally, prosecuting Jackson for theft by deception will not constitute the denial of his rights conferred to him by any federal statute.  *Conley*, 245 F.3d at 1296.

The Court, therefore, lacks jurisdiction and this action must be remanded to the state court.

## II. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Jackson's motions to amend (Docs. 2; 4) and motion to proceed *in forma pauperis* (Doc. 5) and **DENIES** his motion for a hearing (Doc. 4). Jackson's motion to remove (Doc. 1) is **DENIED**, and the Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED**, this 27th day of May 2025.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT